## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DALE E. KLEBER | ) |
|       Plaintiffs, | ) Case No. 15-cv-1994 |
| v. | ) Judge Sharon Johnson Coleman |
| CAREFUSION CORP., | ) |
|       Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dale E. Kleber ("Kleber") filed a two count amended complaint against CareFusion Corp. ("CareFusion") alleging the unlawful use of hiring criteria with a disparate impact on job applicants over 40 years of age (Count I) and unlawful discriminatory treatment based on his age (Count II) in violation of the Age Discrimination in Employment Act. CareFusion moved to dismiss all counts for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth herein, CareFusion's motion to dismiss [25] is granted in part and denied in part.

**Background**

The following facts are taken from the amended complaint and its attachments, and are accepted as true for the purposes of ruling on the instant motion.[1] Kleber is a fifty-nine year old attorney. (Dkt. 22 ¶ 10). Although currently unemployed, Kleber has previously served as the CEO of a national dairy trade association, as the General Counsel of a Fortune 500 company, and as the Chairman and Interim CEO of a medical device manufacturer. (*Id.* ¶¶ 11–12, 24).

---

[1] *See Beanstalk Grp., Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002) (holding that documents attached to a pleading may be considered as part of the pleadings without converting a motion to dismiss into one for summary judgment).

On March 5, 2014, Kleber applied for the position of "Senior Counsel, Procedural Solutions" in CareFusion's legal department. (*Id.* ¶ 21). The online job description for the position listed, as one of the qualifications, "3 to 7 years (no more than 7 years) of relevant legal experience." (*Id.* Ex. 1). At that time, CareFusion also advertised the position of "Senior Counsel, Labor and Employment," which was open to applicants with between "3–5 years (no more than 5 years) of legal experience." (Dkt. 22 ¶¶ 22, 23).

CareFusion confirmed that it received Kleber's application but did not invite him to interview for the position. (Dkt. 22 ¶ 25). Of the one hundred and eight applicants for the position, CareFusion interviewed ten candidates, all of whom had seven years or less of legal experience, and ultimately hired an applicant who was twenty-nine years old. (*Id.* ¶ 26). Kleber believes that CareFusion's requirement that applicants have seven years or less of legal experience was based on the correlation between age and years of experience and was intended to weed out older applicants such as himself. (*Id.* ¶¶ 28–29).

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable

inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

*1. Disparate Impact Claim*

CareFusion contends that Kleber's disparate impact claim must be dismissed because the Age Discrimination in Employment Act (ADEA) does not provide for disparate impact claims by job applicants. The ADEA's disparate impact provision states, in pertinent part, that "[i]t shall be unlawful for an employer . . . to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. § 623(a).

The Seventh Circuit has expressly noted that this provision omits "applicants for employment" from its coverage. *E.E.O.C. v. Francis W. Parker School*, 41 F.3d 1073, 1077 (7th Cir. 1994). In reaching that conclusion, the Circuit Court compared the language of section 623 and the similar provision from Title VII permitting disparate impact claims under that statute. The Title VII provision states, in pertinent part, that "It shall be an unlawful employment practice for an employer . . . to limit, segregate, or classify his employees *or applicants for employment* in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(2) (emphasis added). In light of the ADEA's near verbatim adoption of Title VII's language, the Seventh Circuit interpreted Congress's exclusion of "job applicants" from subsection 2 of the ADEA as demonstrating that the ADEA was not intended to allow disparate impact claims against by job applicants. *Francis W. Parker School*, 41 F.3d at 1077; *see also Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 174, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009) ("We cannot ignore Congress' decision to amend Title VII's relevant provisions but not make similar

3

changes to the ADEA. When Congress amends one statutory provision but not another, it is presumed to have acted intentionally."). Accordingly, because Section 623(a)(2) does not authorize disparate impact claims premised on an alleged failure to hire, Kleber's disparate impact claim (Count I) fails as a matter of law.

*2. Disparate Treatment Claim*

CareFusion contends that Kleber's disparate treatment claim must be dismissed because failing to hire an overqualified applicant does not constitute age discrimination. To succeed on a disparate treatment theory, an ADEA plaintiff must show that his age played a role in the decision-making process. Here, it is undisputed that Kleber has more legal experience than was permitted for the position that he was applying for. An employer does not commit age discrimination when it declines to hire an overqualified applicant. S*ee, e.g., Johnson v. Cook Inc.*, 327 Fed. App'x 661, 663–64 (7th Cir. 2009) (affirming summary judgment where an employer rejected a job application for an entry level position from an applicant with excess experience because he did not meet the job requirements); *Sembos v. Philips Components*, 376 F.3d 696, 701 n.4 (7th Cir. 2004) (recognizing that an applicant's over-qualification constitutes a legitimate, non-discriminatory reason not to hire him).

Here, however, Kleber alleges that CareFusion's cap on the amount of legal experience that applicants could possess was "a way of intentionally weeding out older applicants . . . [because] CareFusion believed that these workers were not desirable, qualified candidates because of stereotypes and unfounded assumptions regarding older workers' commitment and their willingness to be managed by younger, less-experienced supervisors." This Court finds *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993) to be informative in considering this allegation. In that case, the Supreme Court held that an employer did not violate the ADEA when it fired an employee whose pension was soon to vest, because "age and years of service are analytically

4

distinct" such that "an employer can take account of one while ignoring the other." *Id.* at 611. The Court cautioned, however, that:

> We do not preclude the possibility that an employer who targets employees with a particular pension status on the assumption that these employees are likely to be older thereby engages in age discrimination. Pension status may be a proxy for age, not in the sense that the ADEA makes the two factors equivalent, but in the sense that the employer may suppose a correlation between the two factors and act accordingly.

*Id.* at 612–13. Kleber's claim appears to fit the hypothetical possibility discussed by the Court. An employer could use experience, like pension status, as a proxy for age if it supposed a correlation between the two factors and accordingly made decisions based on experience but motivated by assumptions about the age of those who would be impacted. This Court cannot reject the possibility that such conduct could constitute age discrimination. As courts routinely state, motions to dismiss are not intended to test the merits of a claim and are construed in favor of the non-moving party. Based on the allegations contained in his complaint, this Court therefore finds that Kleber has adequately pled a claim for disparate treatment under the ADEA.

**Conclusion**

For the foregoing reasons, CareFusion's motion to dismiss [25] is granted with respect to Count I and denied with respect to Count II.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: November 23, 2015